UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES PARK POLICE<br><br>    Defendant. | Civil Action No. 25-4017 |

## ANSWER TO COMPLAINT

Defendant, the United States Park Police, by undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) filed by Human Rights Defense Center ("Plaintiff") on November 18, 2025. This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents. However, such references are not intended to be, and should not be construed as, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the Complaint in corresponding, numbered paragraphs as follows:

# INTRODUCTION[1]

1. This paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff brings this action under the FOIA, 5 U.S.C. § 552 *et seq.*

## PARTIES, JURISDICTION, VENUE

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. Defendant admits that Defendant United States Park Police is an operation of the National Park Service, which is a component of the Department of the Interior, and is subject to the FOIA pursuant to 5 U.S.C. § 552.

4. This paragraph contains Plaintiff's conclusions of law concerning jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of the FOIA and 28 U.S.C. § 1331.

5. This paragraph contains Plaintiff's conclusions of law concerning venue, to which no response is required. To the extent a response is deemed required, Defendant admits that venue over properly asserted FOIA claims lies in this district.

## FACTUAL BACKGROUND

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth

---

[1] Unless otherwise stated, for ease of reference, Defendant refers to the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

of the allegations in this paragraph.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**The FOIA Request – DOI-NPS-2024-001301**

11. Defendant admits that it received from Plaintiff a FOIA request, dated July 18, 2024. The remainder of the paragraph consists of Plaintiff's characterization of that FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

12. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

13. Defendant admits that it reports its settlements and verdict payouts in an annual report to Congress. The remainder of this paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

14. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent

the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

15. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

16. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

17. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and

impertinent matters pursuant to Rule 12(f).

19. Defendant admits that it acknowledged receipt of the request on the same day, and assigned the request DOI-NPS-2024-001301. The remainder of the paragraph consists of Plaintiff's characterization of that acknowledgment, to which no response is required. The acknowledgement speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that acknowledgement for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

19. Defendant admits that it has not sent further correspondence or issued a final records response to Plaintiff.

## COUNT I
## Violation of 5 U.S.C. § 522(a)(6)(A)(i)
## Failure to Timely Make a Determination

Defendant realleges and incorporates by reference all the preceding paragraphs of this Answer as if set forth fully and at length in this paragraph. Additionally, Plaintiff did not number the paragraph of the Complaint that corresponds to this one, so Defendant has done the same for the sake of consistency and to avoid confusion.

20. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

21. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

22. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

23. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

24. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

25. Defendant admits that, as of the filing of the Complaint, it has not yet provided Plaintiff with a determination on its FOIA request.

26. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

27. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

## COUNT II
## Violation of 5 U.S.C. § 522(a)(3)(A)-(D)
## Failure to Make a Reasonable Effort to Search for and Release Records

Defendant realleges and incorporates by reference all the preceding paragraphs of this Answer as if set forth fully and at length in this paragraph. Additionally, Plaintiff did not number the paragraph of the Complaint that corresponds to this one, so Defendant has done the same for the sake of consistency and to avoid confusion.

28. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

30. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

31. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

## COUNT III
## Violation of 5 U.S.C. § 552(a)(4) & (6)
## Failure to Grant Fee Waiver

Defendant realleges and incorporates by reference all the preceding paragraphs of this Answer as if set forth fully and at length in this paragraph. Additionally, Plaintiff did not number the paragraph of the Complaint that corresponds to this one, so Defendant has done the same for the sake of consistency and to avoid confusion.

32. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33. This paragraph consists of Plaintiff's characterization of its request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents.

34. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

### REQUESTED RELIEF

This remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

### DEFENSES

Defendant alleges the following additional defenses to the Complaint. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

1. Plaintiff's request fails to comply with the requirements of the FOIA to the extent

7

it fails to reasonably describe the records sought or presents an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

2. Defendant has exercised due diligence in responding to Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to search for and process records, if any, responsive to Plaintiff's FOIA request.

3. Plaintiff is not entitled to compel production of any record or portion of any record that the FOIA, the Privacy Act, or any other federal law excludes, exempts, or otherwise protects from disclosure.

4. Defendant has not improperly withheld records requested by Plaintiff under the FOIA, to the extent such records exist, as some or all the requested records, or portions thereof, may be exempt from disclosure. 5 U.S.C. § 552(b).

5. Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

6. Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

7. The Court lacks subject matter jurisdiction over Plaintiff's request for relief that exceeds the relief authorized under the FOIA.

8. Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

9. To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at

\*3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at \*11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

10. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the First Amended Complaint become known to it through the course of litigation.

Dated: December 19, 2025  
       Washington, D.C.

JEANINE FERRIS PIRRO  
United States Attorney

By:   /s/ Benjamin H. Zieman  
      Benjamin H. Zieman  
      Assistant United States Attorney  
      601 D Street N.W.  
      Washington, D.C. 20530  
      202-252-2540

*Attorneys for the United States of America*